CARMONA ET AL., PLAINTIFFS AND APPELLANTS, *v.* CUESTA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1430.—Decided April 5, 1916.

THIRD PERSONS—FRAUD—RES JUDICATA.—When a judgment affirmed on appeal decides only that the defendant is a third person and entitled to protection under the Mortgage Law without considering the alleged acts of fraud on his part, the mere offering in evidence in a subsequent suit of the judgment of the court below and the affirming judgment does not show what were the issues at the first trial, and it is necessary to show that the issues were the same in both actions.

The facts are stated in the opinion.
*Mr. Jacinto Texidor* for the appellants.
*Messrs. Muñoz & Brown* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On March 21, 1910, the District Court of San Juan rendered judgment dismissing a complaint in revendication because the defendants in possession were third persons and entitled to protection under the Mortgage Law. On appeal this Supreme Court of Porto Rico on March 29, 1912, affirmed the judgment of the court below without prejudice to the rights of the complainants to bring a personal action against the alleged fraudulent vendors by whose alleged act a title arose in the defendants and appellees in said action.

Subsequently, or on January 2, 1913, the complainants brought the present action against the defendant, alleging the fraudulent acts referred to and claiming damages of the defendant. The defendant filed an answer and alleged, among other things, the defense of prescription. The District Court of San Juan in that action held in favor of the defense of prescription. The judgment was reversed on appeal on March 30, 1914 (20 P. R. R. 215), and the case was sent back for further proceedings.

It was tried this time on the general and special denials of the defendant and a judgment was rendered for lack of proof. The complainants and appellants confined themselves to offering proof of the value of the land, but on the main ground of fraud they contented themselves with offering in evidence the judgment of the district court of March 21, 1910, and the affirming judgment of this court of March 29, 1912. Without going into details it is clear that what this court decided in 1912 was that the defendants, Soldini and Leitch, were third persons; it did not decide the issues between the complainants and the other defendants. The judgment of the court below at that time proceeded solely on the theory that the defendants, Soldini and Leitch, were third persons, and that judgment was affirmed by this court without modification. Even the affirming without prejudice only followed a similar pronouncement of the court below. The action for nullity and cancellation was dismissed.

. In any event, as the appellee points out, the mere presentation of the two judgments did not show what were the issues at the first trial. The issues must be shown to be the same. *González* v. *Méndez et al.,* 15 P. R. R. 682; Black on Judgments, section 614 *et seq.* The complainants failed to prove their case in the court below and the judgment must be affirmed.

The appellee in his brief refers to the case of *Carmona et al.* v. *Cuesta,* 20 P. R. R. 215, on the question of prescription. He says that it was inconsistent with the case of *Buxó* v. *Martínez,* 18 P. R. R. 994. The case of *Buxó* v. *Martínez* was distinguished in the case of *Carmona et al.* v. *Cuesta, supra.* The case of *People of Porto Rico* v. *Emanuel,* 235 U. S. 251, only decides that the fault or negligence of the treasurer in that case gave rise to an action by virtue of section 1803 of the Civil Code. The action of the complainants, as pointed out by this court, arose by virtue of the Mortgage Act itself in connection with section 1262 of the Civil Code. We see no reason to question the opinion we held in 1912 and the case of *Carmona et al.* v. *Cuesta,* 20 P. R. R. 215, is expressly approved.

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.